UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GLOBAL MEDIA NETWORK; WILLIAM SCALES,

                Plaintiffs,

-against-

YOUTUBE MUSIC,

                Defendant.

25-CV-6162 (LTS)

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1651

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

On September 11, 2025, Plaintiff William Scales was barred under 28 U.S.C. § 1651 from filing future civil actions *in forma pauperis* ("IFP") in this court, either in his own name or his companies' names, without first obtaining from the court leave to file. *See Global Media Network v. Pandora*, No. 25-CV-5555 (LTS) (S.D.N.Y. Sept. 12, 2025). This injunction took effect as of July 23, 2025. Scales files this new *pro se* case, in his own name and his company's name, Global Media Network ("GMN"). He does not seek IFP status or request leave from the court to file this new action. Because Scales has not paid the fees, the Court assumes for the purposes of this order that he seeks to proceed IFP.[1] The Court therefore dismisses the action without prejudice for Scales' failure to comply with the September 11, 2025 order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

---

[1] As Scales is well aware, GMN cannot proceed *pro se* or seek IFP status. *See Global Media Network*, No. 25-CV-5555 (dismissing claims purportedly asserted by GMN, in complaint signed by Scales, without prejudice to GMN proceeding with counsel and the payment of fees). In addition, the Court has warned Scales twice that continuing to file suit without counsel on behalf of artificial entities could be considered vexatious and result in further filing restrictions. *See Global Media Network v. Spotify*, No. 25-CV-6158 (S.D.N.Y. July 30, 2025) ("It is vexatious for non-attorney William Scales to continue to file suit on behalf of GMN and other artificial entities without counsel, and the Court warns Plaintiff that he can be barred from bringing suit on behalf of an artificial entity, whether or not he pays the fee."); *Taskem et al. v. American Web Coders*, No. 25-CV-6166 (LTS) (S.D.N.Y. Sept. 2, 2025) (same).

would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:  September 18, 2025
        New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge